Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrell-llp.com
Blessing O. Ekpezu, State Bar No. 332308
E-Mail: bekpezu@hurrell-llp.com
Jeremy Hernandez Lum Tong, State Bar No. 366666
E-Mail: jhernandez@hurrell-llp.com
HURRELL-LLP
800 West 6th Street, Suite 700
Los Angeles, CA 90017-2710
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendant, COUNTY OF LOS ANGELES

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Brendan A. Johnson (SBN 366552)
bjohnson@galipolaw.com
800 West 6th Street, Suite 700
Los Angeles, CA 90017-2710
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff JAYTRELL SIMS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAYTRELL SIMS, individually,<br><br>            Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES; MICHAEL CORA; and DOES 1 through 10, Inclusive,<br><br>            Defendants. | Case No. 2:25-cv-12022-SRM (SKx)<br><br>**JOINT RULE 26(f) REPORT AND SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**<br><br>**Scheduling Conference:**<br><br>**Date:    April 22, 2026**<br>**Time:    2:00 p.m.**<br>**Venue:  Courtroom 5C**<br><br>[Assigned to Hon. Serena R. Murillo, Courtroom 5D] |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL:**

In accordance with Federal Rule of Civil Procedure 26(f), Central District of California Local Rule 26-1, and the guidelines and procedures set forth in the Order

1

Setting Scheduling Conference dated February 3, 2026 [Docket No. 14], Plaintiff JAYTRELL SIMS ("Plaintiff") and Defendant COUNTY OF LOS ANGELES (the "County" or "Defendant") (collectively, "Parties") hereby submit this Joint Rule 26(b) Report. The Parties' counsel met and conferred on **March 12, 2026**, which is twenty-one (21) days before the April 22, 2026 Scheduling Conference, as ordered.

## I.   STATEMENT OF THE CASE

### A.   Plaintiff's Statement

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and California law. This case arises from the violation of various rights under the United States Constitution and California law in connection with the unjustified and unlawful detention and use of force against Jaytrell Sims. Plaintiff brings state and federal causes of action for: (1) violations of 42 U.S.C. § 1983 and the Fourth Amendment, including unlawful Detention and Arrest, Excessive Force, and Denial of Medical Care; (2) Assault; (3) Battery; (4) Negligence; and (5) Violation of Cal. Civil Code § 52.1.

On November 8, 2024, At or around the intersection of E. Marcelle Street and South Cuzco Avenue, in the City of Compton, California, deputy Michael Carrillo[1] was on duty as a sworn law enforcement officer with the Los Angeles County Sheriff's Department. While on duty as a sworn law enforcement officer with the Los Angeles County Sheriff's Department, Deputy Carrillo intentionally struck Jaytrell Sims with his patrol vehicle. Deputy Carrillo then conducted an unjustified traffic stop on Mr. Sims, pointed a gun at Mr. Sims, and arrested Mr. Sims. Deputy Carrillo handcuffed Mr. Sims and placed him in the back of his patrol car for a significant period without summoning medical care, despite the obvious nature of

---

[1] Plaintiff's Complaint erroneously names Michael Cora as the involved Defendant deputy. Plaintiff has learned the true name of the involved deputy is Michael Jeffrey Carrillo and intends to amend his complaint accordingly. Plaintiff is hopeful an amendment may be accomplished by stipulation.

Mr. Sim's injuries. When Deputy Carrillo eventually released Mr. Sims after a significant period of detention, he did so without providing or summoning medical care for him. Mr. Sims was forced to seek medical care on his own behalf.

Deputy Carrillo had no warrant of any kind and did not have probable cause or reasonable suspicion that Mr. Sims had committed a crime. Throughout the incident, Mr. Sims had committed no crime, was not fleeing or resisting arrest, and was not a threat to Deputy Carrillo or any other person. Thus, Deputy Carrilo's use of the patrol vehicle was an excessive and unreasonable use of force under the Fourth Amendment. Further, Deputy Carrillo struck Mr. Sims with his patrol vehicle and became aware of Mr. Sim's physical injuries yet failed to summon paramedics or render medical care. Plaintiff suffered significant physical and mental harm as a result of the incident.

### B.     The County's Statement

Defendant denies all material allegations in the Complaint asserted against it. Defendant contends that the involved deputy acted lawfully, reasonably, and in compliance with applicable law, training, and departmental policy at all relevant times. Defendant further contends that any use of force, if any occurred, was objectively reasonable under the totality of the circumstances and did not constitute a violation of Plaintiff's constitutional or statutory rights.

Defendant intends to assert the defense of qualified immunity as to Deputy Defendant and any Doe Defendants identified through discovery. Plaintiff's claimed damages are also disputed.

## II.    SUBJECT MATTER JURISDICTION

This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4), as Plaintiff asserts claims arising under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2)

because the events at issue occurred in Compton, California.

III.   **LEGAL ISSUES**

The Parties identify the following principal legal issues:

1.    Whether Deputy Defendant's conduct constituted excessive force in violation of the Fourth Amendment, and whether he is entitled to qualified immunity;

2.    Whether Plaintiff's detention was without reasonable suspicion;

3.    Whether Plaintiff's arrest was without probable cause;

4.    Whether Defendants denied Plaintiff medical care in violation of the Fourth Amendment;

5.    Whether Defendants' conduct constituted civil assault, battery, and/or negligence under California law;

6.    Whether Defendants acted with specific intent or reckless indifference to Plaintiff's rights to violate Plaintiff's constitutional rights as required for Bane Act liability under Cal. Civil Code § 52.1; and

7.    The nature, extent, and causation of Plaintiff's claimed injuries and damages, including entitlement to punitive damages;

8.    Whether Plaintiff's claims are barred by the applicable statute of limitations;

9.    Whether Plaintiff satisfied the Claim Presentation requirements under relevant laws including the California Government Code; and

10.    Whether Defendant is immune from liability for any of Plaintiff's claims.

IV.   **DAMAGES**

A.    **Plaintiff's Position**

Plaintiff claims general and special compensatory damages, according to proof at trial under federal and state law. Plaintiff also seeks punitive and exemplary damages against the individual Defendant Deputies only. Plaintiff also seeks

attorney fees pursuant to 42 U.S.C. § 1988 and under state law, costs and interests incurred.

### B.    Defendant's Position

Defendant disputes that Plaintiff is entitled to any damages. Any claimed injuries, if they exist, are not causally related to any unlawful conduct by Defendant. Defendant reserves the right to present evidence regarding Plaintiff's failure to mitigate damages and any comparative fault. The full scope of Plaintiff's claimed damages is unknown at this time and will be the subject of discovery.

## V.    PARTIES AND EVIDENCE

### A.    Parties

1.    Plaintiff, Jaytrell Sims

2.    Defendant, County of Los Angeles

3.    Defendant, Michael Cora and/or Michael Jeffrey Carrillo (subject to resolution of identity discrepancy)

4.    Does 1 – 10.

### B.    Anticipated Percipient Witnesses

1.    Plaintiff Jaytrell Sims

2.    Deputy Michael Cora and/or Deputy Michael Jeffrey Carrillo (subject to resolution of identity discrepancy)

3.    All Los Angeles County Sheriff's Department ("LASD") personnel present at or responding to the November 8, 2024 incident (identities to be confirmed through discovery)

4.    Civilian witnesses present at or near Marcelle Street and Cuzco Avenue, Compton, on November 8, 2024

5.    Plaintiff's treating medical providers and retained medical experts

### C.    Key Documents

1.    Body-worn camera footage of all LASD personnel present at the location of the incident;

2.      Dashcam footage from the involved patrol vehicle(s)

3.      LASD incident reports, supplemental reports, and use-of-force documentation;

4.      Plaintiff's medical and billing records relating to injuries allegedly sustained;

5.      LASD use-of-force policies, procedures, and training materials in effect on the incident date;

6.      Depositions of the parties and witnesses;

7.      Responses to written discovery.

## VI.    INSURANCE

### A.      Plaintiff's Position:

None on behalf of Plaintiff.

### B.      Defendant's Position

Defendant County of Los Angeles is a self-insured public entity pursuant to California Government Code §§ 990 et seq.

## VII.    MANUAL OF COMPLEX LITIGATION

The Parties do not presently believe that Manual for Complex Litigation procedures are warranted. The Parties will advise the Court if circumstances change.

## VIII.    MOTIONS

The Parties may file discovery-related motions where necessary. Plaintiff will seek to amend the complaint to name Deputy Michael Carrillo, who was erroneously named as Michael Cora in the Complaint, as a Defendant. Plaintiff is hopeful that such amendment may be accomplished through stipulation.

## IX.    DISPOSITIVE MOTION

### A.      Plaintiff

Plaintiff does not anticipate filing a dispositive motion and does not believe that any issues or claims can be decided by dispositive motion.

**B.    Defendant**

The County anticipates filing a Motion for Summary Judgment/Adjudication, as appropriate, as to any of Plaintiff's claims that are subject to such disposition, including the Bane Act claims.

**X.    STATUS OF DISCOVERY**

No formal discovery has been conducted to date. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) have not yet been exchanged. The Parties agree to serve initial disclosures within fourteen (14) days following the Scheduling Conference, unless the Court orders otherwise.

**XI.    DISCOVERY PLAN**

**A.    Initial Disclosures**

The Parties propose no changes to the requirements of Fed. R. Civ. P. 26(a). Initial disclosures will be served within fourteen (14) days of the Scheduling Conference.

**B.    Subjects of Discovery**

1.    Facts and circumstances of the November 8, 2024 incident, including the identity and roles of all LASD personnel involved;

2.    Observations of the involved officers and other witnesses;

3.    Nature, extent, and causation of Plaintiff's alleged injuries;

4.    Training, policies, and practices of the LASD with respect to vehicle operations, use of force, detention procedures, and medical care;

5.    Plaintiff's medical history, treatment records, prior injuries, and claimed damages;

6.    The handling of evidence by Los Angeles Sheriff's Department employees;

7.    Medical treatment provided to Plaintiff at the scene of the incident.

**C.    Proposed Limitations and Phasing**

The Parties propose conducting fact discovery and expert discovery

sequentially, with fact discovery closing before initial expert disclosures are due. The Parties do not presently propose changes to the default limitations on discovery (25 interrogatories per side; 10 depositions per side) but reserve the right to seek leave of Court for additional discovery as warranted.

### D. Electronically Store Information

The Parties anticipate that ESI will include body camera footage, dashcam video, and electronic communications. The Parties will meet and confer regarding an ESI protocol to adopt.

### E. Privilege and Protective Order

The Parties anticipate assertions of attorney-client privilege and attorney work product protection over certain categories of documents. A stipulated protective order governing LASD personnel records, use-of-force investigation materials, and other sensitive law enforcement documents will be submitted for the Court's approval within thirty (30) days of the Scheduling Conference.

## XII. EXPERT DISCOVERY

Please see the below Schedule of Pretrial and Trial Dates for the Parties' proposed time for expert witness disclosures and the expert discovery cut-off.

The Parties anticipate retaining experts in the areas of police practices, accident reconstruction and/or biomechanics, and medical causation.

## XIII. SETTLEMENT

No formal settlement discussions have occurred to date. The Parties agree that a settlement conference with the panel mediator would be appropriate.

## XIV. TRIAL

### A. Trial Estimate

The Parties estimate trial lasting approximately 3 to 5 days. Please see the below Schedule of Pretrial and Trial Dates for the Parties' proposed dates for the Final Pretrial Conference and Trial.

**B.    Jury or Court Trial**

The Parties agree to a trial by jury.

**C.    Consent To Trial Before A Magistrate Judge**

At this time, the Parties do not consent to the designation of a Magistrate Judge to conduct all proceedings and final disposition of this matter.

**D.    Lead Trial Counsel**

**a.    Plaintiff**

The Lead Trial Counsel for Plaintiff is Dale K. Galipo.

**b.    Defense**

The Lead Trial Counsel for Defendant, County of Los Angeles is Thomas C. Hurrell. Blessing Ekpezu will also be participating in the trial of this matter.

**E.    Independent Expert or Master**

The Parties do not believe the appointment of an independent expert or master will be appropriate for this case.

**XV.    OTHER ISSUES**

**A.    Parallel State Court Proceeding**

The Parties bring to the Court's attention the existence of a parallel state court action arising from the same November 8, 2024 incident: *Sims v. Carrillo, et al.*, Los Angeles Superior Court, Compton, Case No. 25CMCV00065, filed January 15, 2025, by Morgan & Morgan, Los Angeles, LLP (Attorney Tatevik Gasparyan). That action asserts state-law negligence claims against Deputy Michael Jeffrey Carrillo and the County.

**B.    Deputy Identity Discrepancy**

The federal complaint names Deputy Michael Cora as the involved officer; the parallel state complaint names Deputy Michael Jeffrey Carrillo. The Parties acknowledge this discrepancy and anticipate it will be addressed through amendment of the pleadings. All rights with respect to this issue are reserved.

/ / /

**C.    Protective Order**

The Magistrate Judge has approved the parties' stipulated protective order to cover all confidential and privileged materials [Dkt. #18.]

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

# SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Submitted with Joint Rule 26(f) Report*

Case No. 2:25-cv-12022-SRM-SK

*Sims v. County of Los Angeles, et al.*

| Event / Deadline | Time Computation | Plaintiff's Date | Defense Date |
|---|---|---|---|
| Jury Trial (Tuesday, 9:00 a.m.) | 12–15 months after Sched. Conf. | June 29, 2027 | 06/01/2027 |
| Estimated Duration | — | | 3–5 court days |
| Final Pretrial Conference (FPTC) (Wednesday, 2:00 p.m., at least 20 days before trial) | ≥ 20 days before trial | June 16, 2027 | 05/07/2027 |
| Last Date to Hear Motion to Amend Pleadings / Add Parties (Wednesday) | 6 weeks after Sched. Conf. | June 3, 2026 | 06/03/2026 |
| Fact Discovery Cut-Off | 24 weeks before FPTC | December 30, 2026 | 11/20/2026 |
| Expert Disclosure — Initial | 23 weeks before FPTC | January 6, 2027 | 11/27/2026 |
| Expert Disclosure — Rebuttal | 21 weeks before FPTC | January 20, 2027 | 12/11/2026 |
| Expert Discovery Cut-Off* | 19 weeks before | February 3, | 12/23/2026 |

11

| Event / Deadline | Time Computation | Plaintiff's Date | Defense Date |
|---|---|---|---|
| | FPTC | 2027 | |
| Last Date to Hear Motions (Wednesday, 1:30 p.m.) | 12 weeks before FPTC | March 24, 2027 | 02/10/2027 |
| ADR / Settlement Conference Completion Deadline (Select: Magistrate Judge / Court Mediation Panel / Private Mediation) | 10 weeks before FPTC | April 7, 2027 | 02/26/2027 |
| Trial Filings — First Round (Motions in Limine, Witness Lists, Exhibit List, Memoranda, etc.) | 4 weeks before FPTC | May 19, 2027 | 04/09/2027 |
| Trial Filings — Second Round (Oppositions, Joint Jury Instructions, Verdict Forms, Voir Dire, etc.) | 2 weeks before FPTC | June 2, 2027 | 04/23/2027 |

DATED:  April 8, 2026        HURRELL-LLP


By:  _/s/  Blessing O. Ekpezu_
THOMAS C. HURRELL
BLESSING O. EKPEZU
JEREMY HERNANDEZ LUM TONG
Attorneys for Defendant, COUNTY OF LOS ANGELES


DATED:  April 8, 2026        LAW OFFICES OF DALE K. GALIPO


By:  _/s/  Brendan A. Johnson_
DALE K. GALIPO
BRENDAN A. JOHNSON
Attorneys for Plaintiff, JAYTRELL SIMS

13