**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Brendan A. Johnson (SBN 366552)
bjohnson@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Attorney for Plaintiff Jaytrell Sims

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYTRELL SIMS, individually,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES; MICHAEL JEFFREY CARRILLO; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-12022-SRM-SK<br><br>*Assigned to*:<br>District Judge Serena R. Murillo<br>Magistrate Judge Steve Kim<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment, Excessive Force (42 U.S.C. § 1983)<br>2. Fourth Amendment, Unlawful Detention and Arrest (42 U.S.C. § 1983)<br>3. Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983)<br>4. Assault<br>5. Battery<br>6. Negligence<br>7. Violation of Bane Act (Cal. Civil Code §52.1)<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff JAYTRELL SIMS, individually, for his Complaint against Defendants COUNTY OF LOS ANGELES, MICHAEL JEFFREY CARRILLO, and DOES 1 through 10, inclusive, and each of them (collectively, "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district and, on information and belief, all Defendants reside in this district.

## INTRODUCTION

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the use of force and detention of Plaintiff Jaytrell Sims on November 8, 2024.

4.      Plaintiff alleges that his injuries are a result of the unlawful detention and use of excessive force by Defendants MICHAEL JEFFREY CARILLO and DOES 1-10, of Defendants' failure to provide reasonable medical care to him despite his serious medical condition after being struck by MICHAEL JEFFREY CARILLO police vehicle, and of Defendants' deliberate indifference to his Constitutional rights.

## PARTIES

5.      At all relevant times, Plaintiff JAYTRELL SIMS was an individual residing in the City of Los Angeles, California. JAYTRELL SIMS seeks both

compensatory and punitive damages under federal and state law.

6.    At all relevant times, Defendant COUNTY OF LOS ANGELES ("COUNTY") is and was a municipal corporation existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles County Sheriff's Department and its agents and employees. At all relevant times, COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the COUNTY and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, COUNTY was the employer of MICHAEL JEFFREY CARRILLO, and of some or all of DOES 1-10.

7.    Defendant MICHAEL JEFFREY CARRILLO is a sheriff's deputy for the COUNTY. At all relevant times, MICHAEL JEFFREY CARRILLO was acting under color of law and within the course and scope of his duties as a deputy for the COUNTY, and was acting with the complete authority and ratification of his principal, Defendant COUNTY.

8.    Defendants DOES 1-10 are sheriff's deputies for the COUNTY's sheriff's department ("DOE DEPUTIES"). At all relevant times, DOE OFFICERS were acting under color of law within the course and scope of their duties as sheriff's deputies for the COUNTY, and were acting with the complete authority and ratification of their principal, Defendant COUNTY.

9.    On information and belief, MICHAEL JEFFREY CARRILLO and DOES 1-10 ("DEFENDANT DEPUTIES") were residents of the County of Los Angeles at all relevant times.

10.    The true names and capacities, whether individual, corporate, association or otherwise of Defendant DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sue these Defendants by such fictitious names. Plaintiff will

FIRST AMENDED COMPLAINT FOR DAMAGES

seek leave to amend this compliant to show the true names and capacities of these Defendants when they have been ascertained. On information and belief, each of the fictiously named Defendants is responsible in some manner for the conduct or liabilities alleged herin.

11. Defendants MICHAEL JEFFREY CARRILLO and DOES 1-10 are sued in their individual capacities.

12. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

13. All of the acts complained of herein by Plaintiff against Defendants, including DOES 1-10, were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting with the course, purpose, and scope of said agency, service, and/or employment capacity.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

15. On or about November 8, 2024, at or around the intersection of E. Marcelle Street and South Cuzco Avenue, in the city of Compton, California, MICHAEL JEFFREY CARRILLO was on duty as a sworn law enforcement officer with the Los Angeles County Sheriff's Department.

16. While on duty as a sworn law enforcement officer with the Los Angeles County Sheriff's Department, MICHAEL JEFFREY CARRILLO intentionally struck Plaintiff JAYTRELL SIMS with his patrol vehicle.

17. Plaintiff sustained significant physical injuries to his head, ear, and hand as a result of the collision.

18. MICHAEL JEFFREY CARRILLO then conducted an unjustified traffic

FIRST AMENDED COMPLAINT FOR DAMAGES

stop on Plaintiff, pointed a gun at Plaintiff, and arrested Plaintiff.

19.     MICHAEL JEFFREY CARRILLO handcuffed Plaintiff and placed him in the back of his patrol car for a significant period of time without summoning medical care, despite the obvious nature of Plaintiff's injuries.

20.     MICHAEL JEFFREY CARRILLO had no warrant of any kind.

21.     MICHAEL JEFFREY CARRILLO did not have probable cause or reasonable suspcion that JAYTRELL SIMS had comitted a crime.

22.     When MICHAEL JEFFREY CARRILLO eventually released Plaintiff after a significant period of detention, he did so without providing or summoning medical care for Plaintiff.

23.     Throughout the incident, Plaintiff had comitted no crime, was not fleeing or resisting arrest, and was not a threat to MICHAEL JEFFREY CARRILLO or any other person.

24.     Plaintiff was not comitting a crime, resisting arrest, or an immediate threat to anyone at the time MICHAEL JEFFREY CARRILLO intentionally struck Plaintiff with the patrol vehicle. Plaintiff is informed and believes that at no time prior to MICHAEL JEFFREY CARRILLO striking him with the patrol vehicle, that no police officer, or other person, was facing a threat of physical injury, and that no police officer was incapable of neutralizing and/or effectuating the seizure of Plaintiff using any of a variety of readily available less intrusive means or strategies. The force used by MICHAEL JEFFREY CARRILLO was unnecessary, excessive, and unreasonable under the totality of the circumstances.

25.     MICHAEL JEFFREY CARRILLO intentionally struck Plaintiff with the patrol vehicle even though he was not was not comitting a crime, resisting arrest, or an immediate threat to him or anyone else and there were other less intrusive options available.

26.     Based on information and belief, after MICHAEL JEFFREY CARRILLO struck Plaintiff with his patrol vehicle and became aware of Plaintiff's

5

physical injuries, MICHAEL JEFFREY CARRILLO failed to summon paramedics to render medical care. Plaintiff was forced to seek medical care on his own upon his release.

27. Plaintiff suffered significant mental and physical harm as a result of his injuries.

28. On or around June 20, 2025, Plaintiff filed comprehensive and timely claims for damages with the County of Los Angeles pursuant to the applicable sections of the California Government Code. Said claims were denied by operation of law on August 4, 2025. As of the date of this filing, Plaintiff has not received any response to these claims.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983)**

(Plaintiff against Defendants MICHAEL JEFFREY CARRILLO, and DOES 1-10)

29. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

30. When MICHAEL JEFFREY CARRILLO intenitonally struck Plaintiff with his patrol vehicle, and when MICHAEL JEFFREY CARRILLO intentionally pointed his firearm at Plaintiff, he used excessive and unreasonable force which deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31. MICHAEL JEFFREY CARRILLO intentionally striking Plaintiff with his patrol vehicle and intentionally pointing his gun at Plaintiff was an excessive and unreasonable use of force under the circumstances, especially since Plaintiff was not committing a crime, was not evading police or resisting arrest, did not pose an immediate threat of death or serious bodily injury to Defendants, or anyone else, prior to being struck by MICHAEL JEFFREY CARRILLO patrol vehicle and having

6

FIRST AMENDED COMPLAINT FOR DAMAGES

MICHAEL JEFFREY CARRILLO gun pointed at him. DEFENDANT DEPUTIES' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

32. As a result of Defendant MICHAEL JEFFREY CARRILLO unreasonable use of force, Plaintiff suffered extreme pain and suffering and physical and emotional injury.

33. As a result of the conduct of DOES 1-10, they are liable for Plaintiff's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

34. The conduct of MICHAEL JEFFREY CARRILLO and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to these Defendants.

35. Plaintiff also seeks costs and attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

**Fourth Amendment – Unlawful Detention and Arrest (42 U.S.C. § 1983)**

(Plaintiff against Defendants MICHAEL JEFFREY CARRILLO and DOES 1-10)

36. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

37. When MICHAEL JEFFREY CARRILLO intentionally struck Plaintiff with the patrol vehicle, Plaintiff was not free to leave and was seized.

38. At that time, MICHAEL JEFFREY CARRILLO did not have reasonable suspicion or probable cause to believe that Plaintiff had committed a crime. MICHAEL JEFFREY CARRILLO then pointed a gun at Plaintiff, put handcuffs on Plaintiff and placed him in his patrol vehicle, continuing to seize Plaintiff and effectuating Plaintiff's *de facto* arrest.

FIRST AMENDED COMPLAINT FOR DAMAGES

39. Prior to seizing Plaintiff, MICHAEL JEFFREY CARRILLO did not observe Plaintiff commit any crime. In addition to the detention itself being unreasonable, the scope and matter of the detention was also unreasonable in that MICHAEL JEFFREY CARRILLO used more force than reasonably appeared necessary to effectuate Plaintiff's detention and arrest, including through the unreasonable use of deadly force.

40. When MICHAEL JEFFREY CARRILLO engaged in the foregoing conduct, he violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment ot the United States Constition and applied to state actors by the Fourteenth Amendment.

41. The conduct of DEFENDANT DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to these individual Defendants.

42. At all relevant times, DEFENDANT DEPUTIES were acting under color of state law.

43. As a result of this misconduct, DEFENDANT DEPUTIES are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

44. As a result of the foregoing, Plaintiff suffered great physical pain and emotional distress and injury.

45. As a result of their violaiton of Plaintiff's Fourth Amendment rights, these Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

46. Plaintiff also seeks costs and attorney's fees under this claim.

FIRST AMENDED COMPLAINT FOR DAMAGES

## THIRD CLAIM FOR RELIEF

### Fourth Amendment - Denial of Medical Care (42 U.S.C. § 1983)

(Plaintiff against Defendants MICHAEL JEFFREY CARRILLO, and DOES 1-10)

47.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

48.     The denial of medical care by Defendants MICHAEL JEFFREY CARRILLO and DOE DEPUTIES deprived Plaintiff of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

49.     On information and belief, MICHAEL JEFFREY CARRILLO and DOE DEPUTIES knew, or reasonably should have known, that failure to provide timely medical treatment to Plaintiff could result in further significant injury, the unnecessary and wanton infliction of pain, and/or death, but disregarded that serious medical need, exacerbating Plaintiff's injuries and pain.

50.     On information and belief, after intentionally striking Plaintiff with the patrol vehicle, MICHAEL JEFFREY CARRILLO and DOE DEPUTIES did not summon or provide timely medical attention for Plaintiff, who they knew had just been in a serious vehicle collision and had obvious injuries, and MICHAEL JEFFREY CARRILLO and DOE DEPUTIES did not allow, and rather prevented, responding medical personnel on-scene to timely render medical aid and assistance to Plaintiff.

51.     Accordingly, MICHAEL JEFFREY CARRILLO and DOE DEPUTIES are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

52.     The conduct of Defendants MICHAEL JEFFREY CARRILLO and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of

9

FIRST AMENDED COMPLAINT FOR DAMAGES

exemplary and punitive damages as to these Defendants.

53. As a result of the foregoing, Plaintiff suffered great physical pain and emotional distress.

54. Plaintiff also seeks costs and attorney's fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**Assault (Cal. Govt. Code § 820 and California Common Law)**

(Plaintiff against Defendants COUNTY OF LOS ANGELES and MICHAEL JEFFREY CARRILLO)

55. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if full set forth herein.

56. Defendant MICHAEL JEFFREY CARRILLO, while working as a sheriff's deputy for the COUNTY and acting within the course and scope of his duties, intentionally pointed a firearm at Plaintiff. MICHAEL JEFFREY CARRILLO had no legal justification for pointing his gun at Plaintiff.

57. Plaintiff, having just been unlawfully and intentionally struck by MICHAEL JEFFREY CARRILLO'S patrol vehicle, reasonably believed that MICHAEL JEFFREY CARRILLO was about to shoot him.

58. As a result of the actions of MICHAEL JEFFREY CARRILLO, Plaintiff suffered severe mental and physical pain and suffering.

59. COUNTY is vicariously liable for the wrongful acts of MICHAEL JEFFREY CARRILLO pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

60. Accordingly, Defendants are liable to Plaintiff for compensatory damages.

61. The conduct of MICHAEL JEFFREY CARRILLO was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of

Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

## FIFTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(Plaintiff against Defendants COUNTY OF LOS ANGELES and MICHAEL JEFFREY CARRILLO)

62.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

63.     Defendant MICHAEL JEFFREY CARRILLO, while working as a sheriff's deputy for the COUNTY and acting within the course and scope of his duties, intentionally struck Plaintiff with his patrol vehicle. MICHAEL JEFFREY CARRILLO had no legal justification for using force against Plaintiff and said use of force while carrying out his official duties was unreasonable, especially since Plaintiff was not committing a crime or resisting arrest, and did not pose an imminent threat of death or serious bodily injury to MICHAEL JEFFREY CARRILLO or anyone else. The use of force was also unreasonable because there were less intrusive options readily available. As a result of the actions of MICHAEL JEFFREY CARRILLO, Plaintiff suffered severe mental and physical pain and suffering.

64.     COUNTY is vicariously liable for the wrongful acts of MICHAEL JEFFREY CARRILLO pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

65.     Accordingly, Defendants are liable to Plaintiff for compensatory damages.

66.     The conduct of MICHAEL JEFFREY CARRILLO was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

FIRST AMENDED COMPLAINT FOR DAMAGES

## <u>SIXTH CLAIM FOR RELIEF</u>

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(Plaintiff against all Defendants)

67.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

68.     The actions and inactions of the Defendants were negligent, including but not limited to:

    a.     MICHAEL JEFFREY CARRILLO 'Snegligent operation of the patrol vehicle, including negligently striking Plaintiff with the patrol vehicle;

    b.     COUNTY'S failure to properly and adequately train COUNTY sheriff's deputies, including MICHAEL JEFFREY CARRILLO'S and DOES 1-10, including with regard to the use of force and the proper operation of a patrol vehicle;

    c.     The failure to properly and adequately assess the need to detain, arrest, and use force, against Plaintiff;

    d.     The negligent tactics and handling of the situation with Plaintiff;

    e.     The negligent detention, arrest, and use of force, against Plaintiff;

    f.     The failure to timely provide, summon, and/or allow the provision of medical care to Plaintiff;

    g.     The failure to properly train and supervise employees, including MICHAEL JEFFREY CARRILLO and DOES 1-10.

69.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff suffered extreme mental and physical pain and suffering.

70.     COUNTY is vicariously liable for the wrongful acts of MICHAEL JEFFREY CARRILLO and DOES 1-10 pursuant to section 815.2(a) of the California

12

FIRST AMENDED COMPLAINT FOR DAMAGES

Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

71. Accordingly, Defendants are liable to Plaintiff for compensatory damages.

## SEVENTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(Plaintiff against all Defendants)

72. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

73. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his or her constitutional rights by threats, intimidation, or coercion (including by the use of unconstitutionally excessive force).

74. Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state has been interfered with, within the meaning of Section 52.1, may institute and prosecute in his or her name and on his or her own behalf a civil action for damages and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights at issue.

75. The Bane Act, the California Constitution and California common law prohibit unlawful detention and arrest and the use of excessive force by law enforcement. The Bane Act authorizes a private right of action and permits survival actions for such claims.

76. Defendants MICHAEL JEFFREY CARRILLO and DOES 1-10 violated Plaintiff's constitutional, statutory, and common law rights by unlawfully detaining him and using excessive force, where these Defendants' acts were done intentionally and with a reckless disregard for Plaintiff's rights and for her life.

FIRST AMENDED COMPLAINT FOR DAMAGES

77. Defendant MICHAEL JEFFREY CARRILLO 'S use of force was excessive and unreasonable under the circumstances. Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the United States and California constitutions and other California law. The conduct of Defendant MICHAEL JEFFREY CARRILLO and DOES 1-10 was a substantial factor in causing the harm, injuries, and damages to Plaintiff.

78. Defendants MICHAEL JEFFREY CARRILLO and DOES 1-10 intentionally violated Plaintiff's constitutional rights by using excessive force against him, including but not limited to striking him with a patrol vehicle. Further, these intentional acts by MICHAEL JEFFREY CARRILLO and DOES 1-10 show that they acted with a reckless disregard for Plaintiff's constitutional rights, thereby demonstrating their intent to violate those rights.

79. At the time MICHAEL JEFFREY CARRILLO intentionally struck Plaintiff, Plaintiff was not committing a crime or resisting arrest, and did not pose a threat of death or serious bodily injury and Plaintiff had not verbally threatened anyone in the leadup to the collision. There is direct and circumstantial evidence that MICHAEL JEFFREY CARRILLO and DOES 1-10 intentionally violated Plaintiff's rights by intentionally striking him with the patrol vehicle' unlawfully detaining him, and unlawfully arresting him.

80. Defendants MICHAEL JEFFREY CARRILLO and DOES 1-10, while working as sheriff's deputies for the COUNTY, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable searches and seizures, to equal protection of the laws, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

81. Plaintiff was caused to suffer extreme mental and physical pain and suffering.

FIRST AMENDED COMPLAINT FOR DAMAGES

82. The conduct of MICHAEL JEFFREY CARRILLO and DOES 1-10 was a substantial factor in causing the harm, losses, injuries and damages of Plaintiff.

83. Defendant COUNTY is vicariously liable for the wrongful acts of MICHAEL JEFFREY CARRILLO and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

84. As a result of their violation of Plaintiff's rights, Defendants are liable to Plaintiff for compensatory damages under California law, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

85. The conduct of MICHAEL JEFFREY CARRILLO and DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages as against these Defendants.

86. Plaintiff also seeks costs and attorney fees under this claim.

FIRST AMENDED COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JAYTRELL SIMS requests entry of judgment in his favor and against Defendants COUNTY OF LOS ANGELES, MICHAEL JEFFREY CARRILLO, and DOES 1-10, inclusive, as follows:

A.   For compensatory damages in the amount to be proven at trial;

B.   For other general damages in an amount according to proof at trial;

C.   For other non-economic damages in an amount according to proof at trial;

D.   For other special damages in an amount according to proof at trial;

E.   For punitive damages against the individual defendants in an amount to be proven at trial;

F.   Attorney's fees and costs pursuant to 42 U.S.C. § 1988;

G.   Attorney's fees and costs pursuant to Cal. Civ. Code § 52.1(h)

H.   For interest;

I.   For reasonable costs of this suit; and

J.   For such further other relief as the Court may deem just, proper, and appropriate.

DATED: June 4, 2026                   LAW OFFICES OF DALE K. GALIPO

By:  */s/ Brendan A. Johnson*
     Dale K. Galipo
     Brendan A. Johnson
     Attorneys for Plaintiff

FIRST AMENDED COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

The Plaintiff named herein hereby demands a trial by jury.


DATED: June 4, 2026                    LAW OFFICES OF DALE K. GALIPO


                              By:  */s/ Brendan A. Johnson*
                                   Dale K. Galipo
                                   Brendan A. Johnson
                                   Attorneys for Plaintiff

FIRST AMENDED COMPLAINT FOR DAMAGES