JONES MAYER
Angela M. Powell, State Bar No. 191876
amp@jones-mayer.com
Marina Samson, State Bar No. 315024
ms@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA  92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendants
County of Los Angeles and Michael
Jeffrey Carrillo

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYTRELL SIMS, individually,<br><br>              Plaintiff,<br><br>   vs.<br><br>COUNTY OF LOS ANGELES;<br>MICHAEL JEFFREY CARRILLO;<br>and DOES 1-6, inclusive,<br><br>             Defendant. | CASE NO.: 2:25-cv-12022-SRM (SKx)<br><br>[Assigned for all purposes to:<br>United States District Judge,<br>Hon. Serena R. Murillo, Courtroom 5D]<br><br>DEFENDANT MICHAEL JEFFREY CARRILLO'S ANSWER TO PLAINTIFF JAYTRELL SIMS' FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL |

**TO THE HONORABLE COURT, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

Defendant MICHAEL JEFFREY CARRILLO ("Defendant" or "Carrillo") hereby answers Plaintiff JAYTRELL SIMES ("Plaintiff") First Amended Complaint for Damages (hereinafter "Complaint") as follows:

## JURISDICTION AND VENUE

1.      Answering paragraph 1 of the Complaint, Defendant admits this Court may have jurisdiction over this action, but Defendant reserves the right to challenge jurisdiction.  As to all remaining allegations in paragraph 1, Defendant denies each and every allegation contained therein.

2.      Answering paragraph 2 of the Complaint, Defendant admits that venue may be proper, but Defendant reserves the right to challenge the propriety of venue.  As to all remaining allegations in paragraph 2, Defendant denies each and every allegation contained therein.

## INTRODUCTION

3.      Answering paragraph 3 of the complaint, Defendant denies each and every allegation contained therein.

4.      Answering paragraph 4 of the complaint, Defendant denies each and every allegation contained therein.

## PARTIES

5.      Answering paragraph 5 of the Complaint, Defendant lacks sufficient information and belief upon which to answer the allegations, and on that basis denies each and every allegation contained therein.

6.      Answering paragraph 6 of the Complaint, Defendant admits that the County of Los Angeles is a legal governmental entity. Defendant

admits that the Los Angeles County Sheriff's Department is a public entity. As to all remaining allegations in paragraph 6, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

7. Answering paragraph 7 of the Complaint, Defendant admits that Deputy Carrillo was an employee of the County of Los Angeles Sheriff's Department during the times relevant to this complaint. As to all remaining allegations in paragraph 7, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

8. Answering paragraph 8 of the Complaint, Defendant lacks sufficient information and belief upon which to answer the allegations, and on that basis denies each and every allegation contained therein.

9. Answering paragraph 9 of the Complaint, Defendant admits that Deputy Carrillo is a residence of County of Los Angeles. As to all remaining allegations in paragraph 9, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

10. Answering paragraph 10 of the Complaint, Defendant lacks sufficient information and belief upon which to answer the allegations, and on that basis denies each and every allegation contained therein.

11. Answering paragraph 11 of the Complaint, Defendant admits that Deputy Carrillo is sued in his individual capacity. As to all remaining allegations in paragraph 11, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

12. Answering paragraph 12 of the Complaint, Defendant lacks sufficient information and belief upon which to answer the allegations, and on that basis denies each and every allegation contained therein.

13. Answering paragraph 13 of the Complaint, Defendant lacks sufficient information and belief upon which to answer the allegations, and on that basis denies each and every allegation contained therein.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. Answering paragraph 14 of the Complaint, Defendant acknowledges that Plaintiff is repleading his prior allegations and Defendant answers said allegations to the extent previously answered.

15. Answering paragraph 15 of the Complaint, Defendant admits that Deputy Carrillo was on duty on November 8, 2024, and was an employee of the Los Angeles County Sheriff's Department. As to all remaining allegations in paragraph 15, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

16. Answering paragraph 16 of the Complaint, Defendant denies each and every allegation contained therein.

17. Answering paragraph 17 of the Complaint, Defendant denies each and every allegation contained therein.

18. Answering paragraph 18 of the Complaint, Defendant denies each and every allegation contained therein.

19. Answering paragraph 19 of the Complaint, Defendant denies each and every allegation contained therein.

20. Answering paragraph 20 of the Complaint, Defendant denies each and every allegation contained therein.

21.    Answering paragraph 21 of the Complaint, Defendant denies each and every allegation contained therein.

22.    Answering paragraph 22 of the Complaint, Defendant denies each and every allegation contained therein.

23.    Answering paragraph 23 of the Complaint, Defendant denies each and every allegation contained therein.

24.    Answering paragraph 24 of the Complaint, Defendant denies each and every allegation contained therein.

25.    Answering paragraph 25 of the Complaint, Defendant denies each and every allegation contained therein.

26.    Answering paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein.

27.    Answering paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein.

28.    Answering paragraph 28 of the Complaint, Defendant denies each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF

29.    Answering paragraph 29 of the Complaint, Defendant acknowledges that Plaintiff is repleading his prior allegations and Defendant answers said allegations to the extent previously answered.

30.    Answering paragraph 30 of the Complaint, Defendant denies each and every allegation contained therein.

31.    Answering paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

32.    Answering paragraph 32 of the Complaint, Defendant denies each and every allegation contained therein.

33.    Answering paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

34.    Answering paragraph 35 of the Complaint, Defendant denies each and every allegation contained therein.

35.    Answering paragraph 35 of the Complaint, Defendant denies each and every allegation contained therein Defendant acknowledges that Plaintiff is repleading his prior allegations and Defendant answers said allegations to the extent previously answered

## **SECOND CLAIM FOR RELIEF**

36.    Answering paragraph 36 of the Complaint, Defendant acknowledges that Plaintiff is repleading his prior allegations and Defendant answers said allegations to the extent previously answered.

37.    Answering paragraph 37 of the Complaint, Defendant denies each and every allegation contained therein.

38.    Answering paragraph 38 of the Complaint, Defendant denies each and every allegation contained therein.

39.    Answering paragraph 39 of the Complaint, Defendant denies each and every allegation contained therein.

40.    Answering paragraph 40 of the Complaint, Defendant denies each and every allegation contained therein.

41.    Answering paragraph 41 of the Complaint, Defendant denies each and every allegation contained therein.

42.    Answering paragraph 42 of the Complaint, Defendant denies each and every allegation contained therein.

43.    Answering paragraph 43 of the Complaint, Defendant denies each and every allegation contained therein.

44.    Answering paragraph 44 of the Complaint, Defendant denies each and every allegation contained therein.

45.    Answering paragraph 45 of the Complaint, Defendant denies each and every allegation contained therein.

46.    Answering paragraph 46 of the Complaint, Defendant denies each and every allegation contained therein.

## THIRD CLAIM FOR RELIEF

47.    Answering paragraph 47 of the Complaint, Defendant. Defendant acknowledges that Plaintiff is repleading his prior allegations and Defendant answers said allegations to the extent previously answered.

48.    Answering paragraph 48 of the Complaint, Defendant denies each and every allegation contained therein.

49.    Answering paragraph 49 of the Complaint, Defendant denies each and every allegation contained therein.

50.    Answering paragraph 50 of the Complaint, Defendant denies each and every allegation contained therein.

51.    Answering paragraph 51 of the Complaint, Defendant denies each and every allegation contained therein.

52.    Answering paragraph 52 of the Complaint, Defendant denies each and every allegation contained therein.

53.    Answering paragraph 53 of the Complaint, Defendant denies each and every allegation contained therein.

54.    Answering paragraph 54 of the Complaint, Defendant denies each and every allegation contained therein.

///

///

## FOURTH CLAIM FOR RELIEF

55.     Answering paragraph 55 of the Complaint, Defendant acknowledges that Plaintiff is repleading his prior allegations and Defendant answers said allegations to the extent previously answered.

56.     Answering paragraph 56 of the Complaint, Defendant denies each and every allegation contained therein.

57.     Answering paragraph 57 of the Complaint, Defendant denies each and every allegation contained therein.

58.     Answering paragraph 58 of the Complaint, Defendant denies each and every allegation contained therein.

59.     Answering paragraph 59 of the Complaint, Defendant denies each and every allegation contained therein.

60.     Answering paragraph 60 of the Complaint, Defendant denies each and every allegation contained therein.

61.     Answering paragraph 61 of the Complaint, Defendant denies each and every allegation contained therein.

## FIFTH CLAIM FOR RELIEF

62.     Answering paragraph 62 of the Complaint, Defendant acknowledges that Plaintiff is repleading his prior allegations and Defendant answers said allegations to the extent previously answered.

63.     Answering paragraph 63 of the Complaint, Defendant denies each and every allegation contained therein.

64.     Answering paragraph 64 of the Complaint, Defendant denies each and every allegation contained therein.

65.     Answering paragraph 65 of the Complaint, Defendant denies each and every allegation contained therein.

66. Answering paragraph 66 of the Complaint, Defendant denies each and every allegation contained therein.

## SIXTH CLAIM FOR RELIEF

67. Answering paragraph 67 of the Complaint, Defendant acknowledges that Plaintiff is repleading his prior allegations and Defendant answers said allegations to the extent previously answered.

68. Answering paragraph 68 of the Complaint, Defendant denies each and every allegation contained therein.

69. Answering paragraph 69 of the Complaint, Defendant denies each and every allegation contained therein.

70. Answering paragraph 70 of the Complaint, Defendant denies each and every allegation contained therein.

71. Answering paragraph 71 of the Complaint, Defendant denies each and every allegation contained therein.

## SEVENTH CLAIM FOR RELIEF

72. Answering paragraph 72 of the Complaint, Defendant acknowledges that Plaintiff is repleading his prior allegations and Defendant answers said allegations to the extent previously answered.

73. Answering paragraph 73 of the Complaint, Defendant denies each and every allegation contained therein.

74. Answering paragraph 74 of the Complaint, Defendant denies each and every allegation contained therein.

75. Answering paragraph 75 of the Complaint, Defendant denies each and every allegation contained therein.

76. Answering paragraph 76 of the Complaint, Defendant denies each and every allegation contained therein.

77. Answering paragraph 77 of the Complaint, Defendant denies each and every allegation contained therein.

78. Answering paragraph 78 of the Complaint, Defendant denies each and every allegation contained therein.

79. Answering paragraph 79 of the Complaint, Defendant denies each and every allegation contained therein.

80. Answering paragraph 80 of the Complaint, Defendant denies each and every allegation contained therein.

81. Answering paragraph 81 of the Complaint, Defendant denies each and every allegation contained therein.

82. Answering paragraph 82 of the Complaint, Defendant denies each and every allegation contained therein.

83. Answering paragraph 83 of the Complaint, Defendant denies each and every allegation contained therein.

84. Answering paragraph 84 of the Complaint, Defendant denies each and every allegation contained therein.

85. Answering paragraph 85 of the Complaint, Defendant denies each and every allegation contained therein.

86. Answering paragraph 86 of the Complaint, Defendant denies each and every allegation contained therein.

## **AFFIRMATIVE DEFENSES**

Defendant pleads the following separate and affirmative defenses. Defendant reserves the right to assert additional defenses that discovery indicates are proper. As separate and affirmative defenses, Defendant alleges as follows:

////

///

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The Complaint and each cause of action fail to state facts sufficient to constitute a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

2. Plaintiff's state-law claims are barred by his failure to comply fully and timely with the California Government Claims Act.

## THIRD AFFIRMATIVE DEFENSE

### (Good Faith and Probable Cause)

3. At all relevant times, County employees acted lawfully, reasonably, and in good faith, with probable cause and within the scope of their lawful duties.

## FOURTH AFFIRMATIVE DEFENSE

### (Qualified and Statutory Immunity)

4. Defendant and its agents at all times relevant to this action acted reasonably and prudently under the circumstances. Defendant therefore asserts Qualified Immunity from liability to the fullest extent applicable.

5. Defendant is immune from liability under the Federal Civil Rights Act because he acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate. Defendant is immune from liability under the Federal Civil Rights Act because a reasonable police officer could have believed that the acts and conduct were appropriate. Defendant is immune from liability under the Federal Civil Rights Act because the conduct did not violate clearly established rights. Defendant is also immune from liability

under the doctrine of Qualified Immunity.

6.    At all relevant times, Defendant and its agents acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. *Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal. Gov. Code §§ 815.2 and 820.2.

## FIFTH AFFIRMATIVE DEFENSE
### (No Constitutional Violation)

7.    Defendant denies that Plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the Constitution or laws of the United States or by the Constitution or laws of the State of California, and therefore Defendant is immune from liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Comparative Fault / Failure to Mitigate)

8.    Plaintiff's claims are barred or limited by Plaintiff's contributory and/or comparative negligence or other conduct, acts, omissions, and to the extent Plaintiff suffered any injury or damages, it was the result of Plaintiff's own negligent or deliberate actions or omissions.

9.    Plaintiff's recovery is barred because any injury or damage suffered by or to Plaintiff was caused solely by reason of the Plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge of his or her duties.

///

///

## SEVENTH AFFIRMATIVE DEFENSE

### (Justification and Privilege)

10.    Any detention, arrest, or use of force was justified and privileged under Cal. Penal Code §§ 835, 835a, and 847.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Monell Liability)

11.    No policy, practice, or custom of the County was the moving force behind any alleged constitutional violation as alleged against this answering Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

12.    Plaintiff may not recover punitive damages against a governmental entity, or against governmental employees acting in their official capacity, under federal or state law. *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247, 271 (1981); *Mitchell v. Dupnik*, 75 F.3d 517,527 (9th Cir. 1996). At no time and place mentioned in the Complaint, did Defendant act with deliberate indifference or malicious intent to deprive any person of any Constitutional or legal right, or cause of any other injury and, therefore, Defendant is immune from liability. Any claims for punitive damages are unconstitutional and invalid in that they violate the United States Constitution, including but not limited to the Due Process Clause of the Fifth and/or Fourteenth Amendments, as well as the Fifth, Sixth, Eighth, and/or Ninth Amendments.

///

///

///

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

13.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure § 335.1, California Government Code §§ 911.2 and 945.6, and any other applicable limitation provisions under federal or state law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Independent / Superseding Cause)

14.     Any injury or damage was caused by acts or omissions of third parties not under Defendant's control.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

15.     Plaintiff, by his own acts or omissions, waived any rights or claims he may have had with respect to the matters alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

16.     Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, in that Plaintiff's own conduct, representations, or omissions preclude recovery.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

17.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, as his own wrongful or inequitable conduct contributed to the circumstances giving rise to this action.

///

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Consent)

18.    To the extent Plaintiff consented to or voluntarily engaged in the actions or circumstances alleged, such consent bars or limits recovery against Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Respondeat Superior Liability Under § 1983)

19.    The County cannot be held vicariously liable for any alleged constitutional violation under 42 U.S.C. § 1983.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

20.    Plaintiff, by his own conduct, voluntarily and knowingly exposed himself to the risks and hazards of the situation alleged in the Complaint and thereby assumed the risk of any alleged injuries or damages. This defense applies, if at all, to Plaintiff's state-law causes of action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Election)

21.    In the event that the answering Defendant herein is found to be liable for damages to Plaintiff, the liability, if any, for any amount of non-economic damages, if awarded, shall be reduced or limited pursuant to California Civil Code § 1431.2, in direct proportion to the answering Defendant's percentage of negligence or fault in relation to the fault of all joint tortfeasors or other liable persons, whether joined as defendants or not; and a separate judgment shall be rendered against the answering Defendant for such amount.

///

## NINETEENTH AFFIRMATIVE DEFENSE

### (Exercise of Discretion Vested in Public Employees)

22. Pursuant to California Government Code §§ 815.2(b), 820.2, 820.4, 820.8, and related provisions, there is no liability for any injury or damage resulting from the exercise of discretion by public employees acting within the scope of their employment, whether or not such discretion was abused.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

23. Because Plaintiff's Complaint is couched in vague and conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendant hereby reserves the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate. The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to Defendant regarding any of Plaintiff's claims or any elements thereof.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff takes nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded its costs, including but not limited to attorney fees allowable by law, incurred in defending this action;

4.     That Defendant is awarded any and such other relief as this Court may deem just and proper.

Dated:  July 27, 2026                    JONES MAYER


                                         By: */s/ Marina Samson*
                                             Angela M. Powell
                                             Marina Samson
                                             Attorneys for Defendants
                                             COUNTY OF LOS ANGELES
                                             and MICHAEL J. CARRILLO


### <u>DEMAND FOR JURY TRIAL</u>

Defendant MICHAEL J. CARRILLO hereby demands a trial by jury on any issue triable of right by a jury.

Dated:  July 27, 2026                    JONES MAYER


                                         By: */s/ Marina Samson*
                                             Angela M. Powell
                                             Marina Samson
                                             Attorneys for Defendants
                                             COUNTY OF LOS ANGELES
                                             and MICHAEL J. CARRILLO